# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JEFFREY SCOTT KOWALSKI,

        Plaintiff,

v.

CAMDEN COUNTY HISTORICAL SOCIETY

        Defendants.

Case No. 22-cv-4183-NKL

## ORDER

Defendant the Camden County Historical Society ("the Society") seeks to Dismiss *pro se* Plaintiff Jeffrey Scott Kowalski's Complaint, Doc. 1, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Doc. 7. The Society argues that Mr. Kowalski lacks standing and has failed to state a claim because he attempts to proceed under the Stored Communications Act ("SCA"), 18 U.S.C. §2701 *et. seq.*, which, according to the Society, cannot be enforced through a civil action. While § 2701 is itself a criminal statute, the SCA can indeed be enforced through a private civil lawsuit. *See* 18 U.S.C. § 2707(a) (establishing a civil action for an SCA violation); *see also Cornerstone Consultants, Inc. v. Prod. Input Sols., L.L.C.*, 789 F. Supp. 2d 1029, 1047–49 (N.D. Iowa 2011) (discussing the elements of a civil SCA claim). Nevertheless, even drawing all inferences in Mr. Kowalski's favor and interpreting his Complaint liberally, as this Court must, Mr. Kowalski still fails to allege that the Society violated the SCA. Accordingly, Mr. Kowalski's Complaint is DISMISSED without prejudice. He may, if he chooses, refile his Complaint within fourteen days to address the deficiencies identified by this Order.

## I. BACKGROUND

Mr. Kowalski's Complaint ultimately lacks factual development. Mr. Kowalski simply alleges that he was issued an email account by the Society, and "[u]nbeknownst to Plaintiff and without his authorization, Defendant knowingly and intentionally accessed Plaintiff['s] email account without a good faith purpose and/or in violation of their own policies on or around November 2022." Doc. 1, at ¶¶ 1–2. According to the Complaint, "Defendant's unlawful access to [Plaintiff's] email account, jeff@camdencountymuseum.org, constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA." Doc. 1, at ¶ 13. As a result, Mr. Kowalski claims he is entitled to actual damages or a statutory minimum of $1,000 per violation. Doc. 1, at ¶ 14. Plaintiff also seeks punitive damages, declaratory and injunctive relief, and fees and costs. Doc. 1, at ECF 3.

## II. DISCUSSION

### A. Motion to Dismiss Under Rule 12(b)(1)

The Society first argues that Mr. Kowalski's Complaint must be dismissed because he lacks Article III standing. Because standing is a jurisdictional requirement, if a plaintiff lacks standing, the Court must grant a Rule 12(b)(1) motion to dismiss. *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018). A plaintiff must therefore establish that he has suffered a concrete injury in fact that was likely caused by the conduct of the defendant and is likely redressable by a favorable decision by the Court. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992).

The Society claims that Mr. Kowalski lacks standing because the SCA is a criminal statute, and private citizens lack standing to enforce criminal law. Doc. 7, at ¶ 1. That, of course, would be true if the SCA were only a criminal statute. It is not. *See generally* 18 U.S.C. § 2707; *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822 (8th Cir. 2015). The SCA permits a civil action

against anyone who (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage. *Id.*

That said, pleading a statutory cause of action does not itself automatically establish standing. *See generally Spokeo, Inc. v. Robbins*, 578 U.S. 330 (2016). The Court must still determine whether Mr. Kowalski suffered an injury in fact that was likely caused by the Society and that can be redressed by this Court. In conducting this analysis, the Court must assume that Plaintiff is correct that the Society violated the SCA. *Davis v. United States*, 564 U.S. 229, 249, n.10 (2011) ("[S]tanding does not depend on the merits of a claim."). And, so assuming, Plaintiff satisfies the requirements of Article III standing.

Even after the Supreme Court's decision in *Spokeo*[1] changed the way courts evaluate the injury in fact requirement for statutory causes of action, courts have held that a civil claim under the SCA implicates the violation of a concrete legislatively created substantive right, rather than a "bare procedural violation." *In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1007 (N.D. Cal. 2020); *see also Seale v. Peacock*, 32 F.4th 1011, 1021 (10th Cir. 2022). The former satisfies the injury in fact requirement, while the latter does not. *See generally Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 510 (8th Cir. 2022) (discussing standing analysis for statutory causes of action). The remaining elements of standing are also met. Taking Plaintiff's allegations as true, Mr. Kowalski's injury—the violation of the SCA—is directly traceable to the Society's actions, which satisfies the causation requirement. And this Court has the power to redress that injury with

---

[1] 578 U.S. 330

appropriate financial and equitable relief under the SCA.

At bottom, Plaintiff has standing to seek damages under the SCA.[2]

### B. Motion to Dismiss

The Court next turns to the Society's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That means that the Complaint must contain enough factual matter from which—drawing all inferences in the plaintiff's favor—the Court can conclude that the plaintiff can satisfy each element of the cause of action pled. *Cornerstone Consultants, Inc. v. Prod. Input Sols., L.L.C.*, 789 F. Supp. 2d 1029,

---

[2] A plaintiff must have standing for each form of relief sought. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021) ("Therefore, a plaintiff's standing to seek injunctive relief does not necessarily mean that the plaintiff has standing to seek retrospective damages."). Mr. Kowalski seeks various types of money damages, as well as declaratory and injunctive relief. *See* Doc. 1. As discussed, Mr. Kowalski has standing to seek retrospective damages. However, Mr. Kowalski must independently establish his standing to seek both an injunction and declaratory relief. On the face of his Complaint, it appears Mr. Kowalski lacks standing to seek both. Mr. Kowalski does not allege facts that plausibly suggest a risk of future harm, as required to seek an injunction. *TransUnion*, 141 S. Ct. at 2210 ("As this Court has recognized, a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial."). Nor is it clear how a declaratory judgment could redress the injury Mr. Kowalski alleges. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (noting redressability requires that "the *requested* relief will redress the alleged injury") (emphasis added). As a result, to the extent Plaintiff seeks either an injunction or a declaratory judgment, Defendant's 12(b)(1) Motion is GRANTED for those types of relief only because, on the face of the Complaint, Mr. Kowalski lacks standing to seek both types of relief.

[3] The Society filed both an Answer to the Complaint and a Motion to Dismiss. *See* Doc. 6 (Answer); Doc. 7 (Mot. Dismiss). While a motion to dismiss a complaint for failing to "state a claim upon which relief can be granted" made under Federal Rules of Civil Procedure 12(b)(6) must be brought before an answer is filed, a defendant may raise the defense later under Rule 12(c), assuming the answer raises the issue. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P 12(h)(2)(B); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). When this occurs, the Court analyzes the Rule 12(c) motion using the familiar Rule 12(b)(6) standard. *Pittman v. Scholastic Inc.*, No. 21-CV-04045-NKL, 2021 WL 5999256, at *1 (W.D. Mo. Dec. 20, 2021).

1049 (N.D. Iowa 2011). That said, the complaint "does not need detailed factual allegations," just "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party . . . but [is] not bound to accept as true [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal citations and quotation marks omitted). When the plaintiff is proceeding *pro se,* he is held to a "lesser pleading standard," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), and the Court must construe the pleadings "liberally." *Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir. 1983) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

To successfully state a civil claim under the SCA, Mr. Kowalski must plead facts that plausibly establish:

> *One,* the defendant intentionally accessed a facility through which an electronic communications service is provided;
>
> *Two,* such access was not authorized or intentionally exceeded any authorization by the person or entity providing the electronic communications service, the user of that service with respect to a communication of or intended for that user, or a federal statute;
>
> *Three,* the defendant thereby obtained, altered, or prevented authorized access to an electronic communication while it was in electronic storage in such system; and
>
> *Four,* the defendant's unauthorized access or access in excess of authorization caused actual harm to the plaintiff.

*Cornerstone Consultants*, 789 F. Supp. 2d at 1047–49.

Mr. Kowalski successfully pleads the first element of his claim, that the Society

intentionally accessed a facility through which an electronic communications service is provided. Mr. Kowalski pleads that the Society accessed his Society-provided email account. "A facility through which electronic communications service is provided" under the SCA includes an email account. *Id.*; *Anzaldua*, 793 F.3d at 838 (finding first element, access to facility through which an electronic communications service is provided, met when plaintiff alleged that defendant's access to Gmail account was without proper authorization).[4] Because Mr. Kowalski alleges that the Society intentionally accessed his Society-provided email account, the Complaint plausibly satisfies the first element.

That said, the Complaint fails to plead facts to plausibly establish the remaining three elements of a civil SCA claim.

To succeed on the second element, Mr. Kowalski must plead that the Society was not authorized to access his email. *Cornerstone Consultants*, 789 F. Supp. 2d at 1051–52 (granting motion to dismiss when plaintiffs failed to allege that defendants lacked the authorization of the electronic communication services provider to access the facility); *Lasco Foods, Inc. v. Hall and Shaw Sales, Mktg. & Consulting, L.L.C.*, 600 F. Supp. 2d 1045, 1049–50 (E.D. Mo. 2009) (holding that a claim pursuant to section 2701(a) must allege that the defendant is not authorized to access the facility at issue).[5] Plaintiff pleads here that *he* did not authorize the Society's access, but that

---

[4] *See also United States v. Szymuszkiewicz*, 622 F.3d 701, 705 (7th Cir. 2010); *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 449 (C.D. Cal. 2007) (noting that "emails stored on a remote server" would qualify as a SCA facility); 18 U.S.C. 2510(12) (defining electronic communication as, with four exceptions not relevant here, "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce").

[5] *See also CreditMax Holdings, LLC v. Kass*, No. 11-81056-CIV, 2013 WL 12080227, at *2 (S.D. Fla. Jan. 25, 2013) ("Courts have consistently held that the exception of Section 2701(c) is not an affirmative defense, but rather is an element of the offense.").

alone is not enough.  Mr. Kowalski's authorization is not the only kind that matters.  Indeed, excepted from the SCA is access "by [or authorized by] the . . . entity providing a wire or electronic communication service."  *See* 18 U.S.C. § 2701(c)(1).  The SCA defines an electronic communication service as a service permitting "users . . . to send or receive wire or electronic communications[.]"  18 U.S.C. § 2510(15).  Courts interpret this definition to include "e-mail services."  *See e.g.*, *United States v. Warshak*, 631 F.3d 266, 282 (6th Cir. 2010).  Mr. Kowalski must therefore affirmatively allege that access was not authorized by anyone that the SCA permits to grant access, including the provider of his email account.  He has not.

Nor can the Court infer that the Society lacked authorization because it appears that Mr. Kowalski pleads the exact opposite.  Mr. Kowalski alleges that the Society "issued [him] an email account[.]"  Doc. 1, at ¶¶ 1, 13.  When an entity provides an electronic communications service, like an email account, that entity generally may access that account—and the information within it—without violating the SCA.  *Joseph v. Carnes*, 108 F. Supp. 3d 613, 616 (N.D. Ill. 2015); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 114 (3d Cir. 2003) ("[W]e read § 2701(c) literally to except from [the SCA's] protection all searches by communications service providers. Thus, we hold that, because [plaintiff's] e-mail was stored on [defendant's] system (which [defendant] administered), its search of that e-mail falls within § 2701(c)'s exception to [the SCA]."); *Reichert v. Elizabethtown Coll.*, No. 10-cv-2248, 2011 WL 3438318, at *5 (E.D. Pa. Aug. 5, 2011) (dismissing SCA claim against college because plaintiff targeted the college's access to his university-provided email, which is excepted from the SCA).[6]  As a result, Mr. Kowalski

---

[6] Some courts appear to hold that a "provider" for the purposes of the SCA is only an entity that provides access to the *internet*, not a company that provides an email account.  *See In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp.2d 299, 309 (E.D.N.Y. 2005) (noting that, in *Andersen Consulting L.L.P. v. UOP*, 991 F. Supp. 1041, 1043 (N.D. Ill. 1998), "the [private company providing e-mail to its independent contractor] was not considered an independent provider of

has failed to plausibly allege the second element of his SCA claim.

For two reasons Mr. Kowalski's Complaint fails to adequately allege the third element of an SCA claim: that the Society "obtain[ed], alter[ed], or prevent[ed] access to" communications in "electronic storage." *See generally* 18. U.S.C. § 2701(a).

First, Mr. Kowalski failed to plead that the Society "obtain[ed], alter[ed], or prevent[ed] access to" his emails. *See* 18. U.S.C. § 2701(a). Mr. Kowalski simply states that the Society accessed Mr. Kowalski's email *account*; he does not explain what the Society did once it gained access, or even how he knows that the Society gained access in the first place. *See* Doc. 1, ¶ 13. Accessing an email account—even without authorization—is not enough to establish a violation of the SCA. *Fischer v. Mt. Olive Lutheran Church*, 207 F. Supp. 2d 914, 926 (W.D. Wis. 2002) ("However, accessing plaintiff's Hotmail account intentionally is not enough in and of itself to violate the act. Plaintiff must also show that defendants obtained, altered or prevented his authorized access to his email account."); *Ewiz Express Corp. v. Ma Lab'ys, Inc.*, No. 15-CV-01213, 2015 WL 5680904, at *8 (N.D. Cal. Sept. 28, 2015) ("Additionally, the complaint fails to identify a single specific electronic communications that was affected."); *c.f. Chadha v. Chopra*, No. 12 C 4204, 2012 WL 6044701, at *2 (N.D. Ill. Dec. 5, 2012) (denying Rule 12(b)(6) motion because, while access to email account alone is not enough to state an SCA claim, the complaint alleged defendants opened and read emails stored in plaintiff's Hotmail account). Because the

---

Internet services for the simple reason that, like any other consumer, it had to purchase Internet access from an electronic communication service provider."). Insofar as those cases hold that the provider of an email account can never authorize access to that account under the SCA, the Court disagrees, and adopts the careful explanation of the *Cornerstone* court. *See Cornerstone Consultants*, 789 F. Supp. 2d at 1052–56. While there may be situations in which the provider of an email account is not the provider of an electronic communications service under the SCA, the Complaint here alleges no facts from which the Court can plausibly infer that this is one of them.

Complaint provides no context for the Society's alleged access to Mr. Kowalski's email account, it would be a step too far for the Court to infer that simply because the Society accessed the account, it obtained, altered, or prevented access to the emails within.

Second, even if the Society did obtain, alter, or prevent access to Mr. Kowalski's emails, those emails must have been in "electronic storage," as defined by the SCA, to establish a violation. Because the Complaint pleads no facts establishing what exactly the Society accessed, it is impossible to determine whether any emails were electronically stored. The SCA was never intended to be an all-encompassing statute protecting the privacy of internet communications, and for that reason, its definition of "electronic storage" is much narrower than the name suggests. *Anzaldua*, 793 F.3d at 842. The SCA limits "electronic storage" to (1) "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof," or (2) "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17).

"The first category . . . refers to temporary storage, such as when a message sits in an e-mail user's mailbox after transmission but before the user has retrieved the message from the mail server." *United States v. Councilman,* 418 F.3d 67, 81 (1st Cir.2005) (en banc). There is no allegation that the Society accessed any *unopened* emails in Mr. Kowalski's email inbox, or otherwise accessed any email that was in process of being sent. This category therefore is of no help to Mr. Kowalski. Neither is there any suggestion that the Society accessed email stored for backup purposes. Even if the Society obtained previously opened emails that remained in Mr. Kowalski inbox, such emails are not stored "for purposes of backup protection." *Anzaldua*, 793 F.3d at 842 ("Here, Anzaldua simply alleged that his sent email remained on Gmail's server as a matter of course. We hold that once Anzaldua successfully sent the email . . . the copy Gmail

retained on its server as a sent message did not perform a backup function."); *see also United States v. Weaver*, 636 F.Supp. 2d 769, 772 (C.D. Ill. 2009) (holding that emails stored in a Hotmail webmail inbox are not stored for backup purposes, but instead stored only to "provid[e] storage or computer processing services to [a] subscriber or customer" and therefore access to those emails does not violate the SCA); *Thornton v. Thornton*, No. 5:20-CV-5018, 2021 WL 2172814, at *3 (W.D. Ark. May 27, 2021) ("[E]mails delivered to Ms. Thornton's webmail inbox, opened by her and retained in her inbox are not in 'electronic storage' as required by 18 U.S.C. § 2701(a)(1) and defined by § 2510(17)(B).")

Finally, Mr. Kowalkski fails to plausibly allege the fourth element of an SCA claim: harm. Mr. Kowalski seeks statutory and punitive damages, as well as costs.[7] *See* Doc. 1, at ¶ 14. While the Eighth Circuit has not directly addressed the issue, it appears that every Circuit to confront the question has determined that to recover statutory damages under the SCA, a plaintiff must have suffered actual harm. *See, e.g.*, *Seale v. Peacock*, 32 F.4th 1011, 1026 (10th Cir. 2022) ("We agree with the circuits that have considered this issue, that the language of the SCA requires a plaintiff to show actual damages as a prerequisite for statutory damages."). As a result, without more, Mr. Kowalski is not entitled to statutory damages.

That does not end the damages inquiry, however. Punitive damages under the SCA are not tied to actual damages and may therefore be awarded even absent actual damages. *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 209 (4th Cir. 2009); *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 977 (11th Cir. 2016). But punitive damages are only appropriate if a plaintiff can show that an SCA violation was willful or intentional, and, even then, they are entirely discretionary. *Vista*

---

[7] As discussed above, Mr. Kowalski also seeks equitable and declaratory relief, but on the face of his Complaint, he lacks standing to do so.

*Mktg.*, 812 F.3d at 977. Given Mr. Kowalski has failed to establish *any* violation of the SCA, he has necessarily failed to plausibly establish that the Society violated the SCA willfully or intentionally, therefore punitive damages alone cannot satisfy the fourth element of his claim.

### III.   CONCLUSION

In sum, Mr. Kowalski has failed to plausibly plead elements two through four of a civil SCA claim. Accordingly, the Society's [7] Motion to Dismiss is GRANTED, and the Complaint is dismissed without prejudice.[8] Within 14 days, Mr. Kowalski may refile an amended complaint that remedies the deficiencies identified by this Order. If he chooses to do so, Mr. Kowalski must be mindful that he will be held to the requirements of Federal Rule of Civil Procedure 11(b), meaning, at minimum, he must certify that the amended complaint "is not being presented for any improper purpose" and "the factual contentions [alleged] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b).

---

[8] Also before the Court is Mr. Kowalski's Motion to Strike the Society's answer. *See* Doc. 9. Mr. Kowalski argues that the Society has violated Missouri law governing corporate registration and elections, and therefore the Society lacks a proper board of directors. According to Mr. Kowalski, only the board of directors can retain counsel, and therefore defense counsel was not properly retained to represent the Society. Even if this is true, an issue this Court need not reach, Mr. Kowalski identifies no authority for the Court's ability to strike an answer on this basis. And even if the Court did strike the Society's answer, the Court could—and would—dismiss this case *sua sponte* given the various deficiencies that are apparent on the face of the Complaint. *Buckley v. Ray*, 848 F.3d 855, 867 n.9 (8th Cir. 2017) ("We have previously held 'that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process.'" (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)). Furthermore, Mr. Kowalski's Motion to Disqualify, Doc. 19 is denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 4/3/2023
Jefferson City, Missouri